JONES, JUDGE:
Pursuant to the provisions of House Bill No. 1187, Acts of the Legislature of West Virginia, Regular Session 1973, effective July 1, 1973, certain pay raises to State employees for the fiscal year 1973-74 were authorized. Guidelines also were established by the *36 Bill requiring that no increase in the salary of any appointive State officer should be paid until and unless every full-time employee employed in such appointive State officer’s Department was paid at an annual rate of $4,200.00 or more, and that every full-time employee receiving compensation of less than $10,000.00 annually was paid at a rate of 105% of the rate of compensation such employee was paid on June 30, 1972.
The respondent did not have available sufficient funds to grant all of the required salary increases at the same time, so the increases were put into effect throughout the fiscal year, effective July 1, 1973, or retroactively to that date, giving attention first to the employees receiving less than $4,200.00 annually, then to those receiving less than $10,000.00 annually, and lastly attention was given to those whose annual salaries were over $10,000.00. Dr. Mildred Bateman, Director of the Department of Mental Health, who was to receive a specific statutory salary increase of $2,500.00 per year, and the claimant, James R. Clowser, Deputy Director of Mental Health, delayed the processing of their salary raises until it was certain that budgeted funds would be available at the end of the fiscal year. Having sufficient funds on hand for the purpose, the raises of Dr. Bateman in the amount of $2,500.00 and the claimant in the amount of $1,020.00, bringing his annual salary to $21,900.00, in accordance with the Department’s Expenditure Schedule of budgeted funds for personal services, were requisitioned on July 25,1974, funds were duly encumbered and payments made on July 30, 1974, all within the 30 day grace period provided by law. Thereafter, or so it appears from statements of witnesses in this case, the Legislative Joint Committee on Government and Finance questioned the legality of both of these retroactive salary payments and urged that the respective sums be refunded to the State until some legal determination could be made. Pursuant to the Committee’s request, both Dr. Bateman and the claimant did refund the entire sums received by them and filed claims for recovery in this Court.
In an opinion of this Court issued on February 6, 1975, based on the petition of Dr. Bateman and the answer of the Department of Mental Health by its counsel, the Attorney General of West Virginia, admitting the allegations of the petition, Dr. Bateman was awarded the full amount of her claim in the sum of $2,500.00.
It is our belief that the clear intention of the Legislature was that the several Departments of State Government involved in the pay *37 increases were to proceed exactly in the manner prescribed and followed by the Director and Deputy Director of the respondent, giving attention first to those in the greatest need, and leaving the very top echelon until last. We can only assume that all employees of the department were given raises in accordance with the spirit and letter of House Bill No. 1187, and it certainly was not intended that the claimant be the only person excluded from the benefits of the Act. Therefore, we hold that the sum of $1,020.00 was due and owing from the respondent to the claimant at the end of the 1973-74 fiscal year and was properly payable to him at any time during the first thirty days of the month of July, 1974, pursuant to Code 12-3-12.
Accordingly, an award in the amount of $1,020.00 is hereby made to the claimant, James R. Clowser.
Award of $1,020.00.